JOHN W. SIMONTON, APPELLANT, v. PEDRO A. GANDOLFO, AP-
PELLEE.

Where it is to be inferred from the pleadings and issues in a cause, that the jury
passed upon the true merits of the case, and where it is clear that the set-
ting aside of the verdict would be of no benefit ultimately to the party seek-
ing it, the verdict will not be disturbed, on account of mistakes in pleadings,
or where it is questionable whether a particular plea is sufficient to present
a proper issue.

A release executed by J. W. S., *cestui que trust*, to F. A. B., of all claims or
demands of every nature whatsoever which J. B., trustee, who is in pos-
session of the legal estate, has against F. A. B., on account of a mortgage
executed by the latter to the trustee, is not a conveyance of the estate of
J. B. Such a conveyance, therefore, is not a compliance with an agree-
ment to convey the interest of J. B., the trustee. This can only be done, if
it is a freehold, by deed sealed, or in the case of a chattel interest, signed by
J. B. himself, or some one having authority to convey for him, to seal for
him, or to sign for him.

John W. Simonton brought *assumpsit* in the Circuit Court
of the County of Monroe, against Pedro A. Gandolfo, for the
sum of six hundred dollars, which he claimed a right to re-
cover under the following state of facts set forth in the
declaration, viz :—Fielding A. Browne, on the fifteenth day
of January, 1847, and for some years previous thereto, was
possessed of certain lots and parcels of land in the city of
Key West, which he had purchased of one John Barcroft,
who was trustee of the plaintiff under and by virtue of a
deed of trust executed by plaintiff and wife and bearing
date the tenth day of December, 1829. Browne had mort-
gaged the said lots and parcels of land to Barcroft, trustee
as aforesaid, to secure the payment of the purchase money.
Before the fifteenth day of January, 1847, the defendant
(Gandolfo) purchased from Browne a part of one of the lots
included in the mortgage executed by Browne to Barcroft,
and which he held under title derived from Browne.

On or about the said fifteenth day of January, 1847, the

27

said plaintiff and the defendant entered into an agreement, as was alleged in the declaration, to the following effect, to wit :—The plaintiff agreed with and promised the defendant that he would make a release to Browne and his assigns of all claims and demands which Barcroft, Trustee as aforesaid, had against said Browne for and on account of the mortgage executed by the latter ; and the defendant, for and in consideration of said release to be executed by plaintiff, undertook and promised to pay the plaintiff the sum of six hundred dollars, upon the execution of said release.    The plaintiff averred that he did, on the seventeenth day of April, 1847, execute a release to Browne for the purpose mentioned in the agreement, but that defendant had not paid and refused to pay the sum of six hundred dollars, according to his promise and undertaking.

The defendant filed the following pleas :

And the said defendant, by attorney, comes and defends the wrong and injury, &c., and says that the said plaintiff his said action ought not to have and maintain, because he says the plaintiff has not released to said morgagor all claims which said Barcroft had against said morgagor in his declaration mentioned, as he hath alleged ; and of this he puts himself on the country.

2.  And for further plea in this behalf he says the plaintiff his action  ought not to have, because he says the plaintiff hath not made and delivered to the said defendant or to any person authorized by him to receive the same, any legal release or relinquishment of all claims said Barcroft had against the said morgagor in his declaration mentioned ; and of this he puts himself on the country.

3.  And for further plea in this behalf the said defendant says plaintiff his action  ought not to have, &c., because he says the said supposed agreement in said declaration mentioned, was made without consideration valuable in law ; and of this he puts himself on the country.

4.  And for a further plea in this behalf the said defend-

ant says that the said plaintiff his action ought not to have because he says that the said plaintiff could not make or execute a legal release of the claims said Barcroft had against said mortgagor in his said declaration mentioned; and of this he puts himself on the country.

5. And for further plea in this behalf the said defendant says that he never undertook or promised to pay six hundred dollars or any other sum of money for a release of all the claims said Barcroft in said declaration mentioned had against said mortgagor, to be made by said plaintiff, or to the said F. A. Browne; and of this he puts himself on the country.

6. And for further plea in this behalf the said defendant saith that he did not write or sign any memorandum in writing of said supposed agreement; and of this he puts himself on the country.

The first, second, fourth and sixth pleas were demurred to. The demurrer to the first and sixth pleas was sustained, and that to the second and fourth overruled. Issue was joined on the third and fifth pleas.

At the trial the plaintiff, to sustain his case, offered in evidence the release, which is fully set out in the opinion delivered by the Court. The defendant asked and obtained from the Court the following charge to the jury in relation to said release : " That the release given in evidence as the " release of Simonton, of all the interest of Barcroft, does " not perfect Gandolfo's title, and does not release all the " claims or demands which Barcroft, mortgagor, had against " Browne, as mortgagee."

The cause was tried at the Spring term, 1850, of the Circuit Court sitting in and for the County of Monroe, the Hon. Joseph B. Lancaster, Judge of the Southern Circuit, presiding. The jury returned a verdict for the defendant, and the plaintiff, having excepted to the rulings and instructions given by the Judge on the trial of the cause, appealed from the judgment of the Court below.

Judge HAWKINS sat in the place of THOMPSON, Justice, who had been of counsel in the case.

*Papy* and *Archer* for appellant.

*Hogue*, for appellee.

ANDERSON, *Chief Justice*, delivered the opinion of the Court.

The plaintiff here in his declaration alleges, among other things, that " the said plaintiff agreed and promised the " said defendant that he (plaintiff) would make a release " to said Brown, &c. of all claims or demands which said " Barcroft, trustee as aforesaid, had against said Brown, " mortgagor as aforesaid, for and on account of said mort- " gage ; and the said defendant, for and in consideration of " said release, to be executed by plaintiff to said Brown, " undertook and promised the said plaintiff to pay him the " sum of six hundred dollars, upon the execution of said " release."

On the trial, the plaintiff excepted to the fifth instruction, as asked by defendant and given by the Court, and embodies the exception in his bill. The instruction asked for and thus excepted to, is in the following words : That the release given in evidence as the release of Simonton, of all the interest of Barcroft, and bearing date 16th April, 1847, does not perfect Gandolfo's title, and does not release all the claims or demands which Barcroft, mortgagee, had against Brown, as mortgagor, which is as follows :

" Know all men by these presents—Whereas, on the 22d day of August, A. D., one thousand eight hundred and thir- ty-six, Fielding A. Browne, of Key West, did purchase of John Barcroft, trustee of John W. Simonton and Ann Simonton, certain lots, tracts and parcels of land on the is- land of Key West; and, whereas, to secure payment for the same unto said John Barcroft, trustee, the said Fielding A. Browne did, on the same day, execute his several prom- issory notes, together with a mortgage upon all the said

lots, tracts and parcels of land, which said conveyance from
John Barcroft to Fielding A. Browne, and said notes and
mortgage from Fielding A. Browne to said John Barcroft,
are recorded in the office of the county records of Monroe
County, Florida, and are herein referred to ; and, whereas,
the payments stipulated for in the said mortgage have not
been made, and there still remains due and payable from
said Fielding A. Browne to said John Barcroft upon the
same, eleven thousand two hundred and thirty-four dol-
lars and eleven cents ; and, whereas, the said Fielding A.
Browne has, by an instrument of writing, bearing even date
herewith, forever remised, released, conveyed, aliened, con-
firmed and quit-claimed unto the said John Barcroft, all his
right, title, interest, claim, property and demand of every
nature whatsoever, either in law or equity, in and to the
said lands, which are particularly described and set forth
in the said instrument of writing, bearing even date here-
with : Now, therefore, this is to declare that I, John W. Si-
monton, of Key West, Florida, *cestui que trust* of said John
Barcroft, in consideration of the execution and delivery of
the said instrument of writing and quit-claim, do covenant,
stipulate and agree to and with the said Fielding A. Browne,
his heirs, executors and administrators, that I, my heirs, ex-
ecutors and administrators, shall and will, within four years
from the date hereof, I or they will sell, convey and finally
dispose of all the said lots, tracts and parcels of land which
are specified in said instrument of writing, and quit-claim,
to the best advantage and in such manner, that the pro-
ceeds arising or to arise, accruing or to accrue from the
same, shall be realized by me within the said four years,
and that out of the said proceeds is first to be paid the afore-
said eleven thousand two hundred and thirty-four dollars
and eleven cents, which is due and payable from said Field-
ing A. Browne upon the aforesaid mortgage, whatever that
sum justly be, to be computed ; and that the balance or sur-
plus which may remain after I shall have paid the said sum

due, shall be, within the said four years, paid over to said Fielding A. Browne, his heirs, executors, or administrators ; and I do further hereby and forever release the said Fielding A. Browne, his heirs and assigns, from all claims or demands of every nature whatsoever, which the said Barcroft, trustee as aforesaid, had or may have had against or upon him, for and on account of his said mortgage.

" In testimony whereof, I have hereunto set my hand and seal at Key West, Florida, on this sixteenth day of April, A. D., one thousand eight hundred and forty-seven.

        " (Signed,)     J. W. SIMONTON, [Seal.]

" Signed, sealed and delivered in presence of—

                        " James Johnson,

                        " W. R. Hackley."

Supposing that the jury upon the issue presented by the plea of the general issue, found that the contract as alleged in the declaration was made, the deed of release, as set forth in this exception, is the evidence by which the plaintiff offered to show that he had complied with his part of the contract, and thereby entitled himself to recover of the defendant.

The second plea of the defendant was doubtless designed to present an issue as to this fact ; that is, whether the plaintiff had performed his part of the contract ; and if it were a good plea, the Court would have no difficulty in arriving at their judgment. The plea, though pronounced by the Court below upon demurrer to be good, is very equivocal in its terms, and we have hesitated long before consenting to consider it as sufficient to present a proper issue. We stretch the authority of this Court to its utmost limit, when we determine to do so, under a conviction that the jury really passed upon the true merits of the controversy, and that the setting aside this verdict for mistakes in pleading would be of no advantage to the plaintiff, while it might involve both him and the defendant in unavailing expense and trouble.

It is very evident that the jury in finding for the defendant, found either that there was no contract between the parties, or that the plaintiff had not complied with his part of the contract. If they found the first, we have no right to interfere with their verdict, for it was a pure question of fact properly presented to them by the plea of the general issue—if they found the other alternative, then the legal sufficiency of the evidence upon which they passed is presented to our notice and decision by the fifth instruction asked for by defendant and given by the Court, and which we have recited. In other words, we are to inquire and to say, whether the deed of release executed by the plaintiff to Browne, was a compliance with the plaintiff's contract, as set forth by himself in his declaration, to wit, " that said plaintiff agreed and promised the said defendant that he, said plaintiff, would make a release to said Browne, mortgagor as aforesaid, and his assigns, of all claims or demands which said Barcroft, trustee as aforesaid, had against said Browne, mortgagor as aforesaid, for and on account of said mortgage."

It appears from the recital in the deed that Barcroft was trustee of John W. Simonton and Ann Simonton. The deed purports to be executed by John W. Simonton, not as attorney for Barcroft, but in his own person ; and describing himself as *cestui que trust,* no reference being made to Ann Simonton ; and the consideration mentioned is a certain instrument of writing executed by Browne.

The deed concludes as follows : "I do further hereby and forever release the said F. A. Browne, his heirs and assigns, from all claims or demands of every nature whatsoever, which the said John Barcroft, trustee as aforesaid, had or may have have had, against or upon him, for and on account of his said mortgage," and is signed thus : John W. Simonton, [L. S.]

Was Simonton competent to convey the title of Barcroft? Let us see. Barcroft had the legal estate probably in fee

simple; if so, it could only be conveyed by deed under seal, (2 Blackstone's Commentaries, 297,) and " a deed is a writing containing a contract, and signed, sealed and delivered *by the party.*" 4 Comyn's Digest, 270. If it were only an estate for years, the statute 29th Charles II. requires the assignment to be at least in writing to be signed *by the party.* No estate, then, that Barcroft might have had could be conveyed, unless, in the case of a freehold, the conveyance was sealed, and, in the case of a chattel, interest was signed by Barcroft. In the case before us he does neither, and it does not appear that Simonton had any authority to convey for him, to seal for him or to sign for him. Whatever Simonton conveyed he surely did not convey the interest of Barcroft, and failing or omitting to do so, he did not perform his part of the contract with defendant.

It is alleged by plaintiff's counsel that a *cestui que trust* may sell his interest, and that. Simonton, therefore, though not technically conveying Barcroft's interest, conveyed an estate of more value. We do not deny that Simonton might have released his interest, but the proper questions are— did he do it? and, if he did, was it the release Gandolfo bargained for? His own deed and his own declaration furnish replies to both enquiries. In his deed he says, " I release all claims or demands which John Barcroft had or may have had"—there is no release of his own interest.— In his declaration he says that he " agreed that he would make a release of all claims and demands which Barcroft had," but makes no agreement to release his own.

These considerations afford also a response to the positions assumed by counsel, to the effect that a part performance of his contract will entitle him to recover. The deed seems to us a mere nullity—it conveys nothing ; and what is supposed by counsel to be conveyed, to wit—the equitable interest of Simonton, forms no part of the agreement.

We think, therefore, the Court was right substantially in instructing the jury as asked in the fifth instruction of de-

fendant. We say substantially, because the part that relates to perfecting Gandolfo's title is, at best, unneccessary. But we overlook this and other defects, because we are satisfied that none of these errors misled the jury, and that they arrived at the proper adjustment of the respective rights of the parties.

Let the judgment be affirmed.